IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD B. JENNINGS,

    Plaintiff,

  v.

UNITED STATES OF AMERICA,

    Defendant.

No. C 05-03986 WHA

**DISMISSAL ORDER**

    Plaintiff Richard B. Jennings has filed the same lawsuit against the same defendant in the same court for the third time. The other two were dismissed as without factual or legal merit. The complaint in the instant case is therefore **DISMISSED** without leave to amend.

    On April 25, 2005, plaintiff filed a disjointed complaint against the United States alleging that the FBI had invaded his privacy. Complaint, *Jennings v. United States*, No. C 05-1690 (Apr. 25, 2005 N.D. Cal.). On July 1, plaintiff filed another pleading in a new case, leveling substantially the same accusations. Request for Orders to Stop Harassment, *Jennings v. Mueller*, No. C 05-2726 (July 1, 2005 N.D. Cal.). On July 6, this Court stated that the complaint in C 05-1690 appeared "delusional" and ordered plaintiff to submit "a sworn statement detailing the events allegedly giving rise to a claim for relief" by August 4, 2005, or face dismissal (Order to Show Cause). On August 5, this court issued another such order in *Mueller*, noting the similarity of the charges. It gave plaintiff a deadline of August 19 (Order to Show Cause). Plaintiff did not submit any such statements. Final judgment was entered against plaintiff in case C 05-1690 on August 5 and in *Mueller* on August 22 (Judgments). On October

3, the complaint in the instant action was filed. It is an almost verbatim repeat of plaintiff's complaint in C 05-1690. The only new parts state, in total:

- "The Plaintiff requests an injunction and damages against the government for the violation of his Constitutional right of privacy through Amendments 9 and 14 and within the penumbras of various provisions of the Bill of Rights."

- "The plaintiff experienced many technical problems at various locations to include libraries and fax centers trying to contact various government agencies via computer or fax."

- He cites an additional authority for claiming a violation of law in the FBI's alleged monitoring of him: California Penal Code Section 6325(a). There is no such section in the Penal Code.

- He adds a complaint that the FBI "airs" his "intents and position" through special microphones to anyone that may listen on public transportation "in Northern California as well as Salt Lake City Utah."

- He expands the geographic scope of the FBI's alleged illegal acts to New York.

- "While waiting for the FBI to acknowledge its involvement in this harassment, the Plaintiff was sent to jail twice, both times for approximately 2 months and suffered inhumane abuse waiting for the FBI to take responsibility."

- He claims that invasion of privacy is a right, privilege or immunity covered by 42 U.S.C. 1983.

- He seeks general, punitive and exemplary damages.

These new claims are too insubstantial to confer subject-matter jurisdiction upon this court. All other claims are barred because they are identical to those previously dismissed.

For these reasons, the above-captioned case is **DISMISSED** without leave to amend. Plaintiff is **ORDERED** not to file another complaint with substantially the same allegations.

**IT IS SO ORDERED.**

Dated: December 2, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2